IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELEOMAR SUAREZ RENDON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Case No. 3:12-CV-5059-P-BK |
| § | | |
| CAROLYN W COLVIN, et al., § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

On December 11, 2012, Plaintiff initiated this fee-paid appeal of the denial of benefits. (Doc 1). Plaintiff was responsible for serving the complaint on Defendant. FED. R CIV. P. 4(c). However, as of the date of this recommendation, he has failed to do so.

On April 25, 2013, the Court warned Plaintiff that failure to serve Defendant by May 28, 2013, would result in dismissal under Rule 4(m).[1] (Doc. 6). On June 4, 2013, the Court contacted Plaintiff's attorney, J. Hamilton McMenamy, to determine if he was still representing Plaintiff. He confirmed that he was, but stated he had not received the Court's order requiring him to file proof of service. This Court then entered an electronic order extending the deadline to file the returns no later than June 10, 2013. On June 12, 2013, at Plaintiff's counsel's request, the Court granted a third extension resetting the deadline to July 1, 2013. The July 1st deadline has now passed, and Plaintiff did not file the proof of service as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th

---

1. Rule 4(m) provides:
If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff failed to comply with this Court's orders directing him to file proof of service of his complaint upon the proper parties to this action.  Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case.  *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  Here, Plaintiff would be prevented from refiling his case because the 65-day period he had to file his administrative appeal has expired.  *See* 42 U.S.C. § 405(g) (providing for judicial review of the Commissioner's final decision if the action is commenced within 60 days of receipt of the Appeals Council's letter); 20 C.F.R. § 422.210(c) (deeming the date of receipt of notice of denial of request for review to be five days after the date of such notice unless there is a reasonable showing to the contrary).  Regardless, Plaintiff failed to file the required proof that he effected service of process on the proper parties, and he has missed numerous court-ordered deadlines.  Accordingly, the Court deems dismissal with prejudice to be appropriate in this instance.  *See McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (upholding the dismissal of a social security claim appeal due to counsel's failure to properly serve the local United States Attorney within 120 days of filing the complaint even though expiration of the statute of limitations precluded refiling of case).

**SO RECOMMENDED** on July 23, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

1. Rule 4(m) provides:

If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.