IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELEOMAR SUAREZ RENDON,  Plaintiff, | § § § | |
| v. | § § | Case No. 3:12-CV-5059-P-BK |
| CAROLYN W. COLVIN,  Defendant. | § § § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Judge's *Order of Referral* (Doc. 15), this case is before the Court on Plaintiff's *Motion to Reconsider and Motion to Vacate Judgment* (Doc. 13). For the reasons that follow, the Court recommends that the motion be **GRANTED**.

On December 11, 2012, Plaintiff initiated this fee-paid appeal of the denial of Social Security benefits. (Doc 1). Plaintiff was responsible for serving the complaint on Defendant. FED. R CIV. P. 4(c). However, he failed to timely do so. Accordingly, on April 25, 2013, the Court warned Plaintiff that failure to serve Defendant by May 28, 2013, would result in the dismissal of his case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 6). When no proof of service had been submitted by June 4, 2013, the Court contacted Plaintiff's counsel to determine whether he was still representing Plaintiff. He confirmed that he was, but stated that he had not received the Court's April 25 order requiring him to file proof of service. The undersigned then entered an electronic order extending the deadline to file the returns to June 10, 2013. (Doc. 7). On June 12, 2013, at Plaintiff's counsel's request, the Court granted another extension, resetting the deadline to July 1, 2013. (Doc. 8). When Plaintiff still had not filed the proof of service by July 23, 2013, the undersigned recommended that the Court dismiss this action. (Doc. 9 at 2). In effect, the dismissal was with prejudice because the 65-day period

for filing an administrative appeal had expired. Plaintiff did not file any objections to the recommendation. On August 28, 2013, the District Judge accepted the recommendation and entered a final judgment, dismissing Plaintiff's case with prejudice. (Docs. 11, 12).

On September 30, 2013, Plaintiff filed the current motion, seeking relief from the Court's final judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (Doc. 13). He contends that his case is deserving of review on the merits because he can demonstrate that he is entitled to disability benefits based on his chronic cough, debilitating back pain, and heart blockage. *Id.* at 1. Counsel states that he was recently diagnosed with sleep apnea which left him tired and unable to think clearly, which led to his inability to complete his work.[1] *Id.* at 2-3. Now that he is being treated for this condition, counsel asserts that he is able to function normally. *Id.* at 2. Plaintiff has submitted a supporting affidavit averring to the nature of his disabilities.[2] (Doc. 14).

As an initial matter, Plaintiff's request for relief under Rule 59(e) is untimely. A Rule 59(e) motion must be filed within 28 days of the entry of judgment, and the instant motion was filed on the 33rd day. Although Plaintiff does not specify which subsection of Rule 60(b) he seeks relief under, the only potentially applicable grounds would fall under Rule 60(b)(1), which allows a court to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Based on the Court's reading of Plaintiff's motion, excusable neglect by counsel seems to be the basis for the relief sought.

The Supreme Court has addressed whether an attorney's inadvertent failure to file within an established deadline can be "excusable neglect" and stated that such neglect, in the context of

---

[1] Sleep apnea is the absence of breathing associated with frequent awakening and often with daytime sleepiness. Stedman's Medical Dictionary (27th Ed. 2000) (available on Westlaw).

[2] The affidavit Plaintiff attached to the instant motion is unsigned. (Doc. 13-2).

2

Rule 60(b), is "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 394 (1993). Rule 60(b) relief is afforded only in "unique circumstances." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) (quotation omitted).

The Court of Appeals for the Fifth Circuit has delineated several factors that should inform the court's consideration of a motion under Rule 60(b): (1) the principle that final judgments should not be lightly disturbed; (2) a Rule 60(b) motion is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was filed within a reasonable time; (5) if the judgment was a dismissal in which there was no consideration of the merits, whether the interest in deciding the particular case on the merits outweighs the interest in the finality of the judgment, and there is merit in the movant's claim; (6) whether there are other equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984). Courts faced with Rule 60(b) motions must balance the competing interests of finality in judgments with ensuring that justice be done in light of all the facts. *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970).

The appellate court has noted that a counsel's preoccupation with other matters – including his father's death, his own ill health, the Christmas holidays, and his heavy caseload – did not dispense with the necessity to timely file documents. *Marcaida v. Rascoe*, 569 F.2d 828, 830 (5th Cir. 1978). Nevertheless, the court permitted reinstatement of the appeal despite counsel's failure to timely file a brief because there was no evidence of prejudice to the opposing party. Conversely, in *Crutcher*, the appellate court upheld the denial of Rule 60(b) relief to a

litigant who claimed his counsel was inept. 746 F.2d at 1082. The court noted that the defendant seeking relief had voluntarily chosen his counsel, and counsel's purported incompetence in litigating the case to judgment had not deprived the defendant of the opportunity to present the merits of his case. *Id.* at 1082-83.

Applying the *Crutcher* factors to this case, the Rule 60(b) motion is not a substitute for an appeal, it was filed within a reasonable time, and given the nature of the case as a proceeding to obtain Social Security disability benefits, the interest in deciding the case on the merits outweighs the interest in the finality of the judgment. *Id.* at 1082. Considering that Plaintiff's counsel's excuse for failing to timely act in this case is rooted in a medical problem which he plausibly claims he was not aware of until recently, the equities weigh in favor of granting Rule 60(b) relief especially where, as here, there is no evident prejudice to Defendant. *Id.* In short, this case is more analogous to *Marcaida*, where the untimely filing was excused due to personal difficulties counsel was experiencing, than it is to *Crutcher* where counsel gave incorrect legal advice to his client. Under the unique circumstances of this case, the undersigned believes that Plaintiff has demonstrated excusable neglect as required to obtain relief under Rule 60(b). *Pioneer*, 507 U.S. at 394; *Osborne*, 379 F.3d at 283. Accordingly, the Court recommends that Plaintiff's *Motion to Reconsider and Motion to Vacate Judgment* (Doc. 13) be **GRANTED**. Nevertheless, in light of his prior conduct, Plaintiff's counsel should be warned that the Court will view dimly any future failure to comply with a court-ordered deadline.

**SO RECOMMENDED** on January 21, 2014.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5